UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RUDY RIVAS, | Case No. 5:26-cv-01718-MCS-AJR |
|---|---|
| Petitioner, | **ORDER RE: REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| v. | |
| J. JOHNSON et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge.

The Court accepts the Magistrate Judge's findings and recommendation that Petitioner is entitled to relief on Ground One of the petition because Respondents violated his right to procedural due process under the Fifth Amendment. (R.& R. 6–7.)

However, the Court respectfully disagrees with the Magistrate Judge's findings and recommendation that the appropriate remedy for the violation is immediate release. (R. & R. 7–8.) Given that "habeas corpus is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), courts have "broad discretion in conditioning a judgment granting habeas relief," *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). While the traditional remedy provided by the writ is immediate release, modern courts

1

generally "employ a conditional order of release in appropriate circumstances." *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008) (collecting cases). The facts and nature of the violation here militate in favor of a conditional order of release. Petitioner claims he was detained by Immigration and Customs Enforcement ("ICE") without adequate procedural safeguards. (*See generally* Pet., ECF No. 1.) Specifically, he contends ICE agents arrested him without explanation or showing him a warrant and then refused to provide Petitioner with a bond hearing. (Pet. ¶¶ 10–11.) Without disputing Petitioner's allegations, Respondents concede that Petitioner is a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), and is thus entitled to a bond hearing. (Resp. 2, ECF No. 10.) Given Respondents' concession that Petitioner is a member of the *Maldonado Bautista* class, the appropriate remedy is the relief available to class members: a bond hearing before a neutral immigration judge within seven days. *See, e.g.*, *Rizo v. Lyons*, No. 5:26-cv-00194-SSS-BFM, 2026 U.S. Dist. LEXIS 15090, at *7 (C.D. Cal. Jan. 27, 2026) ("Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to . . . what is guaranteed by *Bautista*'s final judgment."); *Garcia v. Semaia*, No. 5:25-cv-03536-HDV-AS, 2026 U.S. Dist. LEXIS 6680, at *2 (C.D. Cal. Jan. 5, 2026) (granting relief pursuant to *Maldonado Bautista* where the Government conceded that the petitioner was a class member). Indeed, prompt, post-deprivation process can cure certain pre-deprivation due process deficiencies. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022) (reasoning that under *Mathews v. Eldridge*, 424 U.S. 319 (1976), courts must "consider the process [petitioner] received [while detained]" and "the further process that was available to him"); *Aguilar v. Semaia*, No. 5:26-CV-00023-MCS, 2026 WL 166906, at *4–5 (C.D. Cal. Jan. 16, 2026) (Scarsi, J.) (denying request for immediate release from immigration detention in light of post-detention process provided, including a bond hearing). A neutral immigration judge can determine, on a more developed record, whether Petitioner is entitled to release on bond.

If Petitioner is denied bond, he will be able to appeal that denial to the Board of Immigration Appeals.

IT IS THEREFORE ORDERED that Judgment be entered granting the Petition. Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge within seven days of entry of this Order, in accordance with 8 U.S.C. § 1226(a). If Respondents do not provide Petitioner with an individualized bond hearing within seven days, they must immediately release him.

**IT IS SO ORDERED.**

Dated: April 22, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3